UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 3:07-CR-57 (MRK) |
| v. : | |
| : | |
| HASSAN ABU-JIHAAD : | April 2, 2009 |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant submits this Sentencing Memorandum in connection with the sentencing hearing scheduled for April 3, 2009.

### It Is Unnecessary For The Court To Determine
### The Applicability Of U.S.S.G. § 3A1.4A

Rule 32(i)(3)(B) provides that at sentencing, the court "must – for any disputed portion of the pre-sentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  A ruling on the applicability of U.S.S.G § 3A1.4A is unnecessary in this case because such a ruling will not affect sentencing.  The defendant's maximum sentence exposure is ten years.  18 U.S.C. § 793(d).  The applicable Sentencing Guideline for the offense of conviction provides a base offense level of 30.  U.S.S.G. § 2M3.2(a)(2).  The defendant's Criminal History Category (in the absence of the application of Section 3A1.4A) is 1.  The resulting Guideline sentence range is 97 to 121 months.  This range is sufficient to accommodate the statutory maximum sentence exposure so it is unnecessary for the Court to determine the applicability of U.S.S.G. § 3A1.4A.

1

## U.S.S.G. § 3A1.4A Is Inapplicable

Section 3A1.4(a) provides for a 12-point enhancement if the offense "is a felony that involved, or was intended to promote, a federal crime of terrorism." 18 U.S.C. § 793(d) is not a designated crime of terrorism so the offense of conviction does not "involve" such a crime. Nor is there sufficient evidence to indicate that the defendant "intended to promote" a federal crime of terrorism. The evidence at trial failed to establish any purpose or use for the Battle Group Document or the information contained in it. There is no evidence that the persons associated with Azzam Publications planned any attack upon the Constellation Battle Group or that the information contained in the Battle Group Document was passed on to anyone else who was considering such an attack. We know only that the Document was drafted on a computer in London, copied to a floppy disk and stored on a shelf in Babar Ahmad's bedroom. The information contained in the Battle Group Document might have been intended for propaganda purposes or it could have been a research exercise which never went any further. There is no evidence that the information contained in the Battle Group Document was used "in preparation for or in carrying out" a violation of 18 U.S.C. § 2332(b) or "in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation." There is no evidence that the information contained in the Battle Group Document actually supported any criminal enterprise or that the person or persons who provided the information intended that it would be used to kill United States nationals.

It should be noted that the jury finding on the Material Support charge and the subsequent Court ruling on the Rule 29 motion (which found sufficient evidence to support all of the elements of the Material Support charge except the physical asset/personnel element) does not preclude a Court determination at sentencing that there is insufficient evidence to demonstrate that the defendant "intended to promote" a crime of terrorism.  A person may be guilty of Providing Material Support to Terrorists if he provides support "knowing *or* intending" that the support be used for carrying out a designated crime of terrorism.  Mere knowledge can satisfy the *mens rea* requirement under the Material Support statute whereas the application of U.S.S.G. § 3A1.4(a) requires a specific intent to promote a federal crime of terrorism.  The defendant denies that the evidence establishes such a specific intention.

THE DEFENDANT

By /s/
Dan E. LaBelle of
HALLORAN & SAGE LLP
Fed. Bar #ct 01984
315 Post Road West
Westport, CT 06880
(203) 227-2855
labelle@halloran-sage.com

## **CERTIFICATION**

I hereby certify that on April 2, 2009, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_____
Dan E. LaBelle

1435586v.1

5